UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANNIE OAKLEY ENTERPRISES, INC. AND RENEE GABET ) ) ) | |
| Plaintiffs, ) ) | CASE NO: 1:21-CV-187 |
| v. ) ) | |
| KINSALE INSURANCE COMPANY, ) ) | |
| Defendant. ) | |

**OPINION AND ORDER**

It is never a good omen when a court stamps litigation you are involved in as "the most protracted and convoluted the Court has encountered" or when it considers, out of sheer frustration, adding "exploding head emojis"[1] in its written opinions. *See Annie Oakley Enter. Inc, et al. v. Rise N Shine Online, et al.,* 1:19-CV-1732, ECF Nos. 256, 257 (S.D. Ind.) ("the Underlying Suit").[2] It is an equally bad omen when that case spurs spin-off lawsuits, such as the one here.

Plaintiffs Annie Oakley Enterprises, Inc. and Renee Gabet, (collectively "Annie Oakley") obtained a stipulated $1.3 million consent judgment against Rise N Shine Online LLC ("Rise N Shine") in the Underlying Suit. (*Id.* ECF No. 61). Defendant Kinsale Insurance Co. ("Kinsale"), Rise N Shine's insurer, declined coverage and a defense to Rise N Shine in that suit. Now Annie Oakley wants Kinsale to pay the judgment. They filed suit in this Court seeking a declaratory

---

[1] District Judge Jane Magnus-Stinson wrote: "The Court was tempted to annotate this entry with an array of well-placed exploding head emojis, as the frustrating unreasonableness of the positions taken by Plaintiffs is indescribable by words alone, but in an exercise of judicial restraint declined to do so." (*Annie Oakley Enter. Inc.,* 1:19-CV-1732, ECF No. 257 at 39).

[2] In the Underlying Suit, Plaintiffs' counsel was repeatedly chided by magistrate and district judge alike and fined $130,000 for discovery abuses.

judgment that Kinsale was obligated to defend Rise N Shine and ultimately ordering Kinsale to pay the consent judgment. (Compl., ECF No. 1). They also assert a breach of contract action against Kinsale claiming they are third-party beneficiaries of the insurance contract between Rise N Shine and Kinsale.

Before the Court is Kinsale's Motion to Dismiss, or Alternatively, Motion for an Order Requiring Annie Oakley to file an Amended Complaint (ECF No. 25) and Annie Oakley's Motion to Strike Defendant's Reply (ECF No. 43). For the following reasons, the Court DENIES both the Motion to Dismiss and the Motion to Strike. The Court will GRANT Defendant's alternative request for relief. Annie Oakley has until October 20, 2022, to file an Amended Complaint consistent with this Order.

## DISCUSSION

Despite the parties' best attempts to muddy the waters, the facts here are simple and straightforward. Kinsale declined to defend or indemnify Rise N Shine in the Underlying Suit. Annie Oakley then obtained a $1.3 million judgment against Rise N Shine in that suit. In a separate confidential agreement (the Agreement) that was not part of the record in the Underlying Suit and never disclosed to Kinsale, Annie Oakley promised not to execute the judgment against Rise N Shine's assets. (ECF No. 35 at 1). Annie Oakley agreed that it would only execute the judgment if Rise N Shine recovered against its insurers for any cause of action Rise N Shine may have against them.

Annie Oakley did not include the Agreement as an Exhibit to the Complaint, nor did it reference the Agreement anywhere in the Complaint. Because of this, it then appeared to Kinsale that it was being improperly sued as a judgment debtor without Plaintiffs joining their insured in

this suit.[3] So, it filed a motion to dismiss under Fed. R. Civ. P. 12(b)(7) seeking dismissal of the Complaint for failure to name a required party. The Defendant's position was seemingly debunked in Annie Oakley's response where, for the first time, they referenced the Agreement and the promise not to execute on the judgment against Rise N Shine. This belated revelation changed the dynamic and complexion of the Defendant's motion.[4]

When Annie Oakley sprung the Agreement on Kinsale in their response to the Defendant's Motion what was Kinsale to do? One option is that Kinsale could have withdrawn its motion and refiled it to assert its new theories – i.e., that absent an allegation of a valid assignment of rights from Rise N Shine, the Complaint fails to state a claim (a Fed. R. Civ. P. 12(b)(6) motion) or that Article III standing is not present so the Court lacks jurisdiction (a Fed. R. Civ. P. 12(b)(1) motion). This would have provided an opportunity for a complete round of briefing by both parties on all the issues raised, procedural and substantive, by the Defendant's 12(b) motions. But Kinsale opted instead to file a reply brief to its original motion (a Fed. R. Civ. P. 12(b)(7) motion), asserting the new procedural grounds, renewing its original grounds, and arguing that Florida law governs. To no one's surprise (especially the Court) and entirely consistent with the Plaintiffs' litigation tactics in the Southern District,[5] Plaintiffs moved to strike Defendant's reply. (*See* ECF No. 45).

---

[3] At this stage, the Court is simply recounting the arguments made by counsel. The Court expresses no opinion on whether the arguments have substantive merit.

[4] The exact language in the Agreement is as follows:

> Annie Oakley Enterprises, Inc. and Renee Gabet hereby agree, for so long as RSOnline is not in breach of any contractual obligation it may have, or any warranty or representation made, to Annie Oakley Enterprises, Inc. or Renee Gabet, not to execute upon any assets of RSOnline, except for RSOnline's rights, claims, or cause of action it may have against its insurers, or under any right of indemnity.

[5] In what this Court considered to be "a blatant exercise in forum shopping," Plaintiffs filed a new suit in this district against Amazon, *Gabet et al., v. Amazon,* 1:22-CV-35 HAB. In a recent Opinion and Order

It is well settled law in this Circuit that arguments raised for the first time in a reply brief are waived. *Wolotka v. School Town of Munster*, 399 F. Supp. 2d 885, 901 (N.D. Ind. 2005). This is an "elementary briefing rule, which applies both when a party fails to raise or support adequately an argument in briefing any motion at the trial or appellate level." *Id*. This prohibition against newly raised material applies to facts, too. *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989). That said, when a "new argument" is presented in response to an argument in the response brief, the prohibition does not apply. *Central States, Se. and Sw. Areas Pension Fund v. White*, 258 F.3d 636, 639 n.2 (7th Cir. 2001). Plaintiffs object to the new arguments and fact allegations in Defendant's reply. Plaintiffs argue that it is "unfair and prejudicial" because Plaintiffs have not had an opportunity to respond to them. (ECF No. 45 at 2). They demand the Court disregard the entire filing or permit them an opportunity to file a sur-reply.

For good reason, motions to strike are heavily disfavored. These motions clog up the docket and disrupt judicial management of cases. Indeed, "there is a general judicial consensus that they should be denied unless the filing has 'no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'" *Daniels v. Schoenbeck*, 2022 WL 4180953, at *1 (S.D. Ill. Aug. 18, 2022) (quoting 5C Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1382 (3d ed.)). While Plaintiffs pillory the Defendant's reply, their foul cry is one of their own making, at least in part. As explained above, Plaintiffs neither referenced nor attached relevant documents to their complaint. When alerted to this issue by the Defendant's motion, Plaintiffs sandbagged the Defendants with an "I got ya!" and provided them with the Agreement.

---

transferring the case to the Southern District, this Court noted Plaintiffs' pattern of filing motions to strike. *See id.*, *ECF No.* 45.

4

Most practitioners in Plaintiffs' position in this Court would have conceded the problem with the Complaint and sought to amend it to, at the very least, make reference to the Agreement's existence. But not these Plaintiffs. Instead, they awaited the Defendant's reply and seized the moment to declare prejudice and attempt to strike the entire brief.

Defendant is not off the hook; there is enough blame to go around. By raising new procedural grounds for dismissal in a reply while continuing to pursue the original grounds for dismissal, Defendant has muddied the waters even further – so much so that the Court is at a complete loss as to the procedural basis for the motion to dismiss, the appropriate governing legal standard, whether factual matters outside the Complaint are relevant and might be considered, the parties' positions on the controlling law, and whether this Court has jurisdiction to entertain this matter at all. Simply put, the parties have a presented the Court with a mess. A "do-over" is necessary.

The Defendant's request for alternative relief in its Motion (ECF No. 25) is GRANTED. Plaintiffs are granted leave to file an Amended Complaint by October 20, 2022, that: (1) identifies all the bases for this Court's jurisdiction including its standing to bring suit under Article III of the Constitution; (2) sets forth the factual allegations supporting the existence of a contractual relationship between itself and Kinsale; and (3) any additional parties, if any, Plaintiffs believe are required. The Defendant's Motion to Dismiss (ECF No. 25) is DENIED without prejudice to its refiling after the filing of an Amended Complaint. The Plaintiff's Motion to Strike (ECF No. 45) is DENIED as MOOT.

SO ORDERED on September 20, 2022.

s/ Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT